## THE STATE, PAUL A. KLINGES, PROSECUTOR, v. THE COURT OF COMMON PLEAS, RESPONDENT.

### Decided October 21, 1925.

**Motor Vehicles—Drunken Drivers—Certiorari Alleging Conviction to be Unfair, Improper, Unjust, Against Weight of Evidence, and Act Under Which Conviction Had Was Unconstitutional—Evidence Examined and Alleged Reasons Not Sustained—Constitutionality of Act Already Sustained.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Maja Leon Berry*.

For the respondent, *Edward L. Katzenbach*, attorney-general.

PER CURIAM.

The prosecutor was convicted before a justice of the peace in the county of Ocean on a complaint charging him with operating "a motor vehicle on the public highway while under the influence of intoxicating liquor, and narcotic and habit-producing drug," &c., and, upon said conviction, was sentenced to the county jail for thirty days. From this judgment the prosecutor appealed to the Common Pleas Court of Ocean county, which tribunal, after a hearing, found him guilty, and sentenced him to thirty days' imprisonment in the county jail.

The case is brought here for review, on *certiorari*, and the reasons presented for a reversal of the judgment are:

1. Because the conviction is unfair, improper and unjust.

2. Because said conviction was made without regard and contrary to the weight of evidence.

3. Because said conviction was had under subdivision 3, section 14, chapter 208, public laws of 1921, and said section is unconstitutional because it is contrary to the provisions contained in article 4, section 7, paragraph 4 of the constitution of the State of New Jersey, and, in other respects, said act is unconstitutional for various reasons.

Under these reasons it is argued, first, that the testimony was insufficient upon which to convict, and secondly, that subdivision 3, section 14, chapter 208 of the public laws of 1921, as amended, and supplemented, is unconstitutional. Neither of these contentions appears to us to be sound. There was proof that the prosecutor was intoxicated while operating the automobile upon the public highway, and the proof was sufficient in that respect to authorize a conviction under the statute upon that ground.

As to the contention that chapter 208 of the public laws of 1921, as amended, is unconstitutional, because it provides for a punishment of an imprisonment of not less than thirty days and not more than six months in the common jail of the county wherein the offense was committed, without the intervention of a jury trial, is without force, since it was not so decided in *Katz* v. *Eldredge*, 97 *N. J. L.* 157, as is claimed, as pointed out in 98 *N. J. L.* 125.

Judgment is affirmed, with costs.